872 F.2d 420
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dailon Lee Grant RAY, a/k/a Dailon Legrant Ray, a/k/a Dailon
Legrand Ray, a/k/a Dailon L. Buddy Ray, a/k/a
Dailon Leegrant Ray, a/k/a Dailon
Leegrant Buddy Ray, Defendant-Appellant.
 No. 88-5125.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 15, 1989.
Decided March 29, 1989.
 
 Edwin Chrisco Walker, Federal Public Defender's Office, for appellant.
 Margaret P. Currin, United States Attorney, Robert J. Erickson, Department of Justice, for appellee.
 Before K.K. HALL, PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pursuant to a plea agreement, Dailon Ray was convicted of one count of transporting a firearm in interstate commerce after being convicted of at least three felonies in violation of 18 U.S.C. Sec. 922(g)(1). The plea agreement also provided that the government would seek enhancement of punishment under 18 U.S.C. Sec. 924(e)(1), which provides a minimum sentence of 15 years imprisonment with no possibility of parole, and a maximum penalty of life in prison and a $250,000 fine. The court accepted Ray's guilty plea and sentenced him to the statutory minimum sentence.
 
 
 2
 On appeal, Ray challenges only the constitutionality of the minimum mandatory sentence.* Specifically, he contends that the 15-year sentence without possibility of parole violates the eighth amendment's prohibition against cruel and unusual punishment. Congress enacted Sec. 924(e) for the purpose of incapacitating career criminals who Congress found were responsible for a substantial proportion of violent crimes. See United States v. Gilliard, 847 F.2d 21, 26-27 (1st Cir.1988) (upholding constitutionality of Sec. 924(e) against eighth amendment claim). Like the court in Gilliard, we are unwilling to say that a 15-year sentence for handgun possession by one convicted of three or more felonies is excessive. Accordingly, we hold that the sentence imposed on Ray is constitutionally valid.
 
 
 3
 In accordance with Anders, we have independently reviewed the record and all pertinent papers. We have found no nonfrivolous grounds for this appeal and accordingly dispense with oral argument and affirm the judgment below.
 
 
 4
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so counsel, should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Ray's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967)